UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BETHANN CORNETT,

      Petitioner,

v.                                                        CIVIL ACTION NO. 5:23-cv-00209

MARTIN J. O'MALLEY,
*Commissioner of Social Security Administration*

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Bethann Cornett's Complaint for Review of Social Security Disability or Supplemental Security Income Decision [ECF 1], filed March 15, 2023, Brief in Support of Judgment on the Pleadings [ECF 6], filed July 6, 2023, and the Commissioner's Brief in Support of Judgment on the Pleadings [ECF 9], filed August 28, 2023. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 14, 2023. Magistrate Judge Aboulhosn recommended that the Court deny Ms. Cornett's request for remand, grant the Commissioner's request to affirm its decision, affirm the final decision of the Commissioner, and dismiss this matter from the Court's docket. Ms. Cornett timely filed her Written Objections to the PF&R on September 28, 2023. The Commissioner responded on October 3, 2023.

Ms. Cornett raises two objections, specifically she objects to (1) the PF&R's finding that the Administrative Law Judge ("ALJ") properly applied SSR 16-3p in light of *Shelley C. v. Commissioner*, 61 F.4th 341 (4th Cir. 2023), and (2) the PF&R's recommendation that the

Commissioner's decision be affirmed, her request for remand be denied, and her civil action be dismissed.

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

## III.

In *Arakas v. Comm'r, Soc. Sec. Admin*, our Court of Appeals held "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d 83, 97 (4th Cir. 2020). And in *Shelley*, our Court of Appeals held "that depression—particularly chronic depression—is one of those other diseases. Characterized as a 'mood disorder,' [Major Depressive Disorder] MDD 'causes a

2

persistent feeling of sadness and loss of interest . . . [and] it affects how you feel, think and behave.'" 61 F.4th at 361 (cleaned up). Thus, "because of the unique and subjective nature of MDD, subjective statements from claimants 'should be treated as evidence *substantiating* the claimant's impairment.'" *Id.* at 361–62 (quoting *Arakas*, 983 F.3d at 97–98 (emphasis in original)).

In his 23-page PF&R, Magistrate Judge Aboulhosn comprehensively and adequately addressed the record below. Specifically, he noted the mistakes in *Shelley* are not present in Ms. Cornett's case and that, unlike *Shelley*, the ALJ in Ms. Cornett's case properly evaluated and considered the subjective statements of Ms. Cornett and the objective medical evidence. [ECF 11 at 20–21].

**IV.**

Accordingly, the Court **OVERRRULES** Ms. Cornett's Written Objections to the PF&R [ECF 12], **ADOPTS** the PF&R [**ECF 11**], **DENIES** Ms. Cornett's request for remand, **GRANTS** the Commissioner's request to affirm its decision, affirm the final decision of the Commissioner, **DISMISSES** the Complaint [ECF 1], and dismisses the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: February 15, 2024

Frank W. Volk
United States District Judge

3